IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| IN RE: | : | CIVIL ACTION |
| LINCOLN NATIONAL COI | : | No. 16-06605 |
| LITIGATION | | |


**PAPPERT, J.**                                                            February 1, 2018

## **MEMORANDUM**

      This case is a consolidated class action brought on behalf of the named Plaintiffs[1] and all similarly situated owners of JP Legend 300 and JP Lifewriter Legend 100, 200 and 400 life insurance policies. Among other things, Plaintiffs challenge a Cost of Insurance ("COI") rate increase imposed on certain policyholders by Lincoln National Life Insurance Co. ("Lincoln"), a wholly-owned subsidiary of Lincoln National Corporation ("Lincoln National"). The Policies give Lincoln discretion to determine the COI rate based on its expectation of future mortality, interest, expenses and lapses. In September 2016, Lincoln announced a COI rate increase for policies that have been in

---

[1]     Among the named Plaintiffs are the "US Life Plaintiffs," LLCs that own policies insuring the life of Texas-based Ms. Martindale; the "Kanter Plaintiffs," Maryland residents with a policy insuring Alan Kanter; Ivan Mindlin, or the "Mindlin Plaintiff," a California resident and trustee of the Mindlin Irrevocable Trust, which holds a policy insuring California resident Allen Mindlin; the "Weinstein Plaintiffs," Georgia residents and co-owners of a policy insuring Kay Weinstein; the "Rauch Plaintiffs," North Carolina residents who own a policy insuring Lillian Rauch; "Bharwani," a New Jersey resident and policyowner; "Zirinsky," a New York resident and policyholder; "Milgrim," a New Jersey limited partnership that owns a policy; "Mikamal," a Florida resident and trustee of the Mutual Benefits Keep Policy Trust, and owns interests in five policies issued in Florida. *See* (CC ¶¶ 9–17). Additional Plaintiffs include named Plaintiffs from *EFG Bank AG, Cayman Branch, et al v. Lincoln National Life Insurance Co.*, No. 17-02592 (E.D. Pa. June 9, 2017), which was consolidated with this case on November 20, 2017. (Order, ECF No. 62.) These Plaintiffs are Wells Fargo, a security intermediary for Plaintiff EFG Bank AG; DLP Master Trust; DLP Master Trust II; DLP Master Trust III; GWG DLP Master Trust; Greenwich Settlements Master Trust and Palm Beach Settlement Company. (*EFG Bank AG, Cayman Branch, et al*, Sec. Am. Compl. ¶¶ 20–29, No. 17-02592 (E.D. Pa. July 11, 2017), ECF No. 7.)

1

force for up to eighteen years ("2016 COI Increase"). Plaintiffs contend Lincoln based the COI increases on impermissible considerations, failed to apply the changes uniformly to policyholders in the same rate class and wrongfully refused to provide some policyholders with illustrations when requested.

On April 19, 2017, Plaintiffs filed a Consolidated Complaint in this Court asserting eleven claims against Defendants (collectively "Lincoln") on behalf of themselves and others similarly situated. (ECF No. 30.) In its September 11, 2017 Memorandum and accompanying Order, the Court granted Lincoln's Motion to Dismiss with respect to three counts and allowed Plaintiffs to file an amended complaint with respect to two of those counts. (ECF Nos. 50, 51.) Plaintiffs timely filed their Amended Complaint on September 25, 2017. (ECF No. 52.) One month later, Plaintiffs filed the subject Motion to Amend/Correct and File its Second Amended Consolidated Class Action Complaint. (ECF No. 56.) Lincoln responded (Defs. Opp., ECF No. 59) and Plaintiffs' replied (Pls. Reply, ECF No. 60). For the reasons that follow, the Court grants in part and denies in part Plaintiffs' Motion.

I

Plaintiffs seek to amend their Amended Compliant to include a claim for tortious breach of good faith and fair dealing on behalf of the California Sub-Class. (Pls. Mot., Ex. A ("PSAC") ¶¶ 190–98, ECF No. 56-1.) Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). The decision to grant leave to amend is within the discretion of the district court. *Id*. A court may deny leave to amend a complaint on grounds such as prejudice,

undue delay, bad faith, dilatory motive, and futility. *Id.* None of those grounds are present here.

The Third Circuit considers "prejudice to the non-moving party" as "the touchstone for denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). An amendment would prejudice a party if it would cause undue difficulty in defending a suit as a result of a change in tactics or theories. Courts examine whether allowing an amendment would result in additional discovery, cost and preparation to defend against new facts or new theories. *MRO Corp. v. Humana, Inc.*, No. CV 16-2881, 2017 WL 3675387, at *3 (E.D. Pa. Aug. 23, 2017). Plaintiffs proposed amendment would not result in additional discovery or preparation. Plaintiffs and Lincoln are still in the discovery phase with a November 2, 2018 deadline for fact discovery. (Scheduling Order, ECF No. 63.) Further, discovery in this litigation is coordinated with discovery in the related case, *EFG Bank AG, Cayman Branch, et al. v. The Lincoln National Life Insurance Company*, No. 17-cv-02592 (the "EFG Action"). In the EFG Action, plaintiffs assert the same tortious breach of good faith and fair dealing claim.

When evaluating undue delay, courts "balance the reasons for not amending sooner against the burden of delay on the Court." *MRO Corp.*, at *4. Here, the Court is not burdened by the amendment. In fact, in its September 11, 2017 Memorandum and accompanying Order, the Court permitted Plaintiffs to file an Amended Complaint with respect to counts seven and eleven. (ECF Nos. 50, 51.) Pursuant to a joint stipulation which was approved by the Court, Lincoln has twenty-one days from the date of the disposition of this Motion to Amend to respond to either the Amended Complaint or the Proposed Second Amended Complaint. (ECF No. 53.) The Court is not burdened by

3

any delay if Plaintiffs include the additional claim. Further, there is no evidence of any dilatory motive. The approved stipulation forecloses the possibility of this amendment delaying the case.

Lincoln contends that "Plaintiffs' decision to exclude this claim from prior iterations of the complaint was deliberate and strategic." (Defs. Opp. at 15.) Plaintiffs sought leave to add this claim after a similar claim survived Lincoln's motion to dismiss in the EFG Action. Lincoln argues that "gamesmanship" and "wait-and-see" tactics are indicative of bad faith.[2] Plaintiffs sought leave to add this claim after the EFG Action was decided and prior to the consolidation of the class action complaints in this case, two of which included the tortious breach claim which Plaintiffs now seek to include. *See* (*Bharwani et al. v. Lincoln Nat'l Corp. et al.*, No. 16-cv-06605 (E.D. Pa. Dec. 23, 2016), ECF No. 1; *Mukamal et al. v. Lincoln Nat'l Corp. et al.*, No. 17-00234 (E.D. Pa. Jan. 17, 2017), ECF No. 1). This does not demonstrate that Plaintiffs acted in bad faith. In cases where courts have found bad faith, plaintiffs inserted new theories into cases several years after the beginning of litigation or sought to add claims solely to avoid summary judgment at a later stage in the proceedings. *Kovach v. Serv. Pers. & Employees of the Dairy Indus., Local Union No. 205*, 58 F. Supp. 3d 469, 487–88 (W.D. Pa. 2014) (collecting cases). That is not the case here.

Finally, denial of leave to amend based on futility requires the Court to find that viewing the amended complaint under the Rule 12(b)(6) standard, plaintiffs would fail

---

[2] Lincoln relies on *Reginella Const. Co. v. Travelers Cas & Sur. Co. of Am.*, 971 F. Supp. 2d 470 (W.D. Pa. 2013), *aff'd sub nom. Reginella Const. Co. v. Travelers Cas. & Sur. Co. of Am.*, 568 F. App'x 174 (3d Cir. 2014). There, the plaintiff sought leave to alter or amend judgment or in the alternative for leave to file an amended complaint. The court analyzed the motion under a Rule 59 standard because it had already entered judgment and noted that although the same Rule 15 criteria are used, the court must still take a view that "favor[s] finality of judgments…." *Id.* at 479.

to state a claim under which relief could be granted.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434.  The Court cannot conclude at this time that the additional count would fail to state a claim.

II

Plaintiffs also seek to amend their Amended Compliant to include Plaintiff Tutor on behalf of himself and all other similarly situated ("the Tutor Plaintiffs") from *Tutor v. Lincoln National Corp., et al.*, No. 17-cv-04150 (E.D. Pa. Sept. 18, 2017).  (Pls. Mot., at 1.)  The Tutor Plaintiffs' case does not challenge the 2016 COI Increase—it focuses instead on a separate COI increase implemented by Lincoln in 2017.  (*Id.*; *see also* PSAC ¶¶ 76–102.)  In their Motion, Plaintiffs argue that the Court should allow them to add the Tutor Plaintiffs because under Rule 15, leave to amend "shall be freely given when justice so requires."  (Pls. Mot., at 2 (citing Fed. R. Civ. P. 15(a)(2).)  The Rule 15 analysis, however, does not govern this question.  Joinder of additional plaintiffs must comport with Rule 20(a)(1), which provides that "[p]ersons may join in one action as plaintiffs if they assert any right to relief…arising out of the same transaction, occurrence, or series of transitions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action."  Both requirements must be met. *O'Keefe v. Ace Rest. Supply, LLC*, No. 11-1330, 2016 U.S. Dist. Lexis 3422, at *4 (E.D. Pa. Jan 12, 2016).  District courts have "broad authority with regard to joinder…which is, after all, discretionary."  *Id.* at *5 (citing *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009)).  In exercising its discretion, courts must "provide a reasoned analysis that comports with the requirements of the Rule" and "it is insufficient for a court to rely on general assumptions regarding the circumstances [surrounding a specific case]."  *Id.*

5

When analyzing the first prong, courts apply a case-by-case approach to determine whether the particular situation includes actions that are part of the same transaction or occurrence. *Norwood Co. v. RLI Ins. Co.*, No. 01-6153, 2002 WL 523946, at *2–3 (E.D. Pa. Apr. 4, 2002). "Transaction" may include a series of occurrences, which don't necessarily depend on the immediateness of the connection, but rather upon the logical relationship to each other. *Id.* Although permissive joinder is to be liberally granted, *Norwood Co.*, at *2, it does not mean that defendants exhibiting "the same behavior towards different complainants" is sufficient to determine whether the claims derive from the same transaction or occurrence. *O'Keefe*, 2017 U.S. Dist. Lexis. 3422, at *6–*7. Courts often look at whether there will be overlapping witnesses and evidence and whether the claims arise "out of the same set of circumstances." *See Bradley v. Choicepoint Servs., Inc.*, No. 07-1255, 2007 WL 2844825, at *3 (E.D. Pa. Sept. 27, 2007).

Plaintiffs bear the burden of demonstrating that joinder is proper under Rule 20(a). *See O'Keefe*, 2017 U.S. Dist. Lexis. 3422, at *6–*7. They have failed to do so. Indeed, their Motion and initial brief focuses primarily on the issue of whether or not their proposed amendment would be futile. (Pls. Mot., at 4–8.) They address the joinder question for the first time in their Reply to Lincoln's response, which argued that the proposed amendment was impermissible under Rule 20(a). In that Reply, Plaintiffs contend that the same policy language and actuarial standards and principles govern the 2016 and 2017 COI Increases. (Pls. Reply, at 4.) They further describe the 2017 COI Increase as "comparable" to the 2016 COI Increase. (*Id.* at 5.) The PSAC supports a showing of the allegedly *comparable behavior* but does not demonstrate that

6

the COI increases arose out of the same transaction or series of transactions.  Plaintiffs make one conclusory statement that the 2016 and 2017 increases "are part and parcel of a common plan or scheme," yet fail to allege specific facts to support this statement. (Pls. Reply, at 6.)  In fact, in its 2016 COI Increase announcement, Lincoln attributed the decision to increase rates partially "in response to the persistent low interest rates, including the recent historic lows" which were arguably impermissible factors, while the 2017 COI Increase announcement offered no such evidence of the purported "common plan or scheme." (*Compare In re Lincoln Nat'l COI Litig.*, 269 F. Supp. 3d 622, 629 (E.D. Pa. 2017) *with* PSAC ¶ 45.)  The Court cannot "rely on general assumptions regarding the circumstances." *O'Keefe v. Ace Rest. Supply, LLC*, 2016 U.S. Dist. Lexis 3422, at *5.

Further, the underlying purpose of Rule 20 is "to promote trial convenience and *expedite the final determination of disputes.*" *O'Keefe*, 2017 U.S. Dist. Lexis. 3422, at *4 (emphasis added).  Joining additional parties would not do.  The 2016 policies were issued between 1999 and 2007 while the 2017 policies were issued as early as 1983 (PSAC ¶ 28), a relevant distinction because the COI rates for the policies are tied to those dates.  As Lincoln points out, the COI rates for the 2016 COI Increase were calculated based on the 1980 Commissioner's Standard Ordinary Mortality Tables while the COI rates for the 2017 COI Increase were calculated based on either the 1958, 1980, or 2001 CSO Mortality Tables.  (Defs. Opp. at 7 n.4.)  Further, the mortality assumptions for the 2016 policies were based on the 1975-1980 Society of Actuaries Modified Basic Table and the 2000 Yearly Renewable Term Reinsurance Rates Table while the mortality assumptions for the 2017 policies were based on either

7

the 1965-1970 and 1975-1980 Society of Actuaries Modified Basic Tables. (*Id.*) Taking into account the complexity of the calculations and the limited amount of overlapping evidence, joining the parties would not help achieve the purpose of Rule 20. *See Bradley*, 2007 WL 2844825, at *3. Further, Lincoln "remain[s] prepared…to coordinate discovery" with the Plaintiffs in this case, thereby expediting the final determination of disputes. (Defs. Opp. at 1.)

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
