# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: LINCOLN NATIONAL COI LITIGATION | No.: 16-cv-06605-GJP |
| EFG BANK AG, CAYMAN BRANCH, ET AL., *Plaintiffs*, v. THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, *Defendant*. | No.: 17-cv-02592-GJP |
| CONESTOGA TRUST, ET AL., *Plaintiffs*, v. LINCOLN NATIONAL CORPORATION, ET AL., *Defendant*. | No.: 18-cv-02379-GJP |

## **ORDER**

AND NOW, this 21st day of August, 2019, upon consideration of the Special Masters' Opinions and the objections and responses thereto, it is hereby **ORDERED** that:

1. The Court **ADOPTS** the Opinion of the Special Master Regarding the Discovery Dispute as Presented by the Parties in their Joint Submission of

1

February 8, 2019 (as Amended on February 11, 2019) (17-2592, ECF No. 77; 16-6605, ECF No. 121), and **OVERRULES** the objections thereto, (17-2592, ECF No. 79; 16-6605, ECF No. 126).

2. The Court **ADOPTS** the Opinion of the Special Master regarding the Discovery Dispute as Concerning the Conestoga Plaintiffs' Request for a Rule 30(b)(6) Deposition of Defendants, (16-6605, ECF No. 125; 18-02379, ECF No. 32) and **OVERRULES** the objections thereto, (16-6605, ECF No. 132; 18-02379, ECF No. 33).

3. The Court **ADOPTS** the Opinion of the Special Master Regarding the Discovery Dispute Relating to the "Table Shave" and "Exchange Programs", (16-6605, ECF No. 129; 17-2592, ECF No. 81).

4. The Court **ADOPTS** the Opinion of the Special Master Regarding Discovery Dispute Concerning the Relevancy and Burden of Producing Three Categories of Documents, as Jointly Submitted by the Parties on May 16, 2019, (16-6605, ECF No. 134; 17-2592, ECF No. 86).

5. The Motions to Seal, (17-2592, ECF Nos. 83, 91, 92, 94 and 95), are **GRANTED**.[1]

6. The Motions to Adopt the Special Master's Opinions, (17-2592, ECF No. 82), (17-2592, ECF No. 90), and (18-02379, ECF No. 35) and are **DENIED as moot**. The parties need not file "Motions to Adopt" the Special Master's

---

[1] As the Court has previously reminded the parties, just because materials have been designated confidential does not mean that the Court will order filings containing such information placed under seal; the parties must prove why the interest in secrecy outweighs the presumption of public access. *See* Section II.C.3. of the Court's Policies and Procedures. The parties have shown that the interest in secrecy here, at least for now, outweighs the presumption of public access in their Motions and related declarations.

2

opinion in the future and the Court will not consider such motions. The Court will review the Special Master's opinions as is required under Rule 53 of the Federal Rules of Civil Procedure.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.